(C.D. 2969)

MONTGOMERY WARD & COMPANY v. UNITED STATES

United States Customs Court, First Division

(Decided April 17, 1967)

*Schwartz & Lidstrom* for the plaintiff.
*Barefoot Sanders*, Assistant Attorney General, for the defendant.

Before OLIVER, WATSON, and RAO, Judges

RAO, Chief Judge: The merchandise involved in this case consists of wooden gunracks, assessed with duty at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, 84 Treas. Dec. 403, T.D. 52373, supplemented by 85 Treas. Dec. 138, T.D. 52476, as manufactures of wood, not specially provided for. It is claimed that the merchandise is properly dutiable at 10½ per centum ad valorem under said paragraph 412, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as furniture, other than chairs.

Counsel have submitted this case for decision on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States that the items marked "A" and initialed MAM (Commodity Specialist's Initials) by Commodity Specialist Milton A. Murayama (Commodity Specialist's Name) on the invoices covered by the protests enumerated in Schedule "A" attached hereto, and assessed with duty at 16⅔% ad val. under Par. 412, Tariff Act of 1930, consist of wooden gunracks similar in all material respects to the merchandise the subject of *Hurricane Import Co., et al.* v. *United States*, C.D. 2577, wherein the Court held that such merchandise was dutiable at 10½% ad val. under Par. 412, as modified by T.D. 54108.

IT IS FURTHER STIPULATED AND AGREED that the record in C.D. 2577 be incorporated in the record of the protests enumerated in Schedule "A" and that said protests be submitted on such record and this stipulation, the protests being limited to the items marked "A" as aforesaid.

In view of this stipulation and on the authority of the decision cited therein, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the commodity specialist on the invoice accompanying the entry covered by the protest herein is properly dutiable at 10½ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified, as furniture other than chairs.

The protest is sustained and judgment will be entered for the plaintiff.